IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LENORA FREUDENBERG,                          Case No.

    Plaintiff,

v.                                                                    JURY TRIAL DEMANDED

CITIBANK, N.A. f/k/a CITIBANK, FSB and
ZAKHEIM & LAVRAR, P.A., a Florida Professional Association

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES
## AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55 *et seq* (hereinafter "FCCPA"). These laws prevent, respectively, debt collectors and "persons" from, *inter alia*, engaging in abusive, deceptive, harassing, and unfair collection practices.

### II.   JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

III.   PARTIES

4. Plaintiff, LENORA FREUDENBERG (hereinafter "Plaintiff" or "Freudenberg"), is an individual who resides in the County of Manatee, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, CITIBANK, N.A. f/k/a CITIBANK FSB (hereinafter "Citibank"), is a chartered national banking association, with its principal place of business located at 3900 Paradise Road, Suite 127, Las Vegas, Nevada 89109; Defendant Citibank is a "creditor," as that term is defined by 15 U.S.C. § 1692a(4) and F.S.A. § 559.55(3).

6. Defendant, ZAKHEIM & LAVRAR, P.A. f/k/a ZAKHEIM & ASSOCIATES, P.A. (hereinafter "Zakheim"), is a for-profit professional association incorporated under the laws of Florida, with its principal place of business located at 1045 SOUTH UNIVERSITY DRIVE, SUITE 202, PLANTATION FL 33324; Defendant Zakheim is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6).

IV.   FACTUAL ALLEGATIONS

The Manatee County Action

1. On or about December 14, 2009, Defendant Citibank, by and through its attorney, Defendant Zakheim, filed a lawsuit in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida, in the style of *Citibank N.A. vs. Lenora Freudenberg*, and bearing the case number 2009-CA-012734 ("the Manatee County action").

2. Defendant Citibank's claim arose from a defaulted home equity line of credit, secured by real property located at 13609 2nd Avenue Northeast, Bradenton, Florida 34212.

3. Despite Defendant Citibank's status as a secured creditor, Defendant did not seek to enforce its security interest; rather, Defendant sought financial recovery *in personam*.

4. Specifically, the complaint sought recovery for monetary damages from Freudenberg for a defaulted home equity line of credit, in the amount of $174,344.71.

5. The subject-debt originally owed to Defendant Citibank was incurred for Plaintiff's personal, family, or household purposes, and is therefore a "debt" or "consumer debt," as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

Plaintiff's Bankruptcy Filing & Discharge

6. On or about February 16, 2010 Plaintiff filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Middle District of Florida.

7. Plaintiff's bankruptcy case number was 8:10-bk-03274-CPM.

8. Listed in Freudenberg's bankruptcy "Schedule D" was a debt owed to Defendant Citibank, in the amount of $174,344.00 and secured by real property located at 13609 2nd Avenue Northeast, Bradenton, Florida 34212; Debtor's schedule referenced an account number ending in 9092.

9. Defendant Citibank was listed in Plaintiff's Creditor Matrix, filed with her bankruptcy petition and schedules, and therefore it is alleged that Defendant Citibank received actual notice of Plaintiff's bankruptcy filing.

10. The filing of Plaintiff's bankruptcy "stayed" the proceedings in the Manatee County action, pursuant to 11 U.S.C. § 362(a).

11. On or about September 21, 2010 the honorable Catherine Peek McEwen granted Plaintiff a discharge under 11 U.S.C. § 727.

12. The subject-debt owed to the creditor, Defendant Citibank, was not of the types of debt listed in 11 U.S.C. § 523, and thus, was not excepted from Debtor's discharge.

13. Defendant Citibank did not challenge the entry of Plaintiff's discharge by filing an "Adversary Proceeding," pursuant to Federal Rule of Bankruptcy Procedure 7001 *et seq*.

### Defendant's Attempts to Collect the Discharged Debt

14. Following the entry of Plaintiff's discharge, employees and/or agents of Defendant Zakheim placed multiple calls to Plaintiff in representation of Defendant Citibank, in an attempt to collect the discharged debt.

15. Upon information and belief, it is alleged that these calls were placed at the rate of several calls per week.

16. During these calls, Plaintiff and/or Plaintiff's spouse communicated to Defendant's representatives that Plaintiff filed for bankruptcy and had received a discharge of her debts.

17. Based on these communications, it is alleged that Defendant Zakheim had actual knowledge of Plaintiff's bankruptcy filing, and her subsequent discharge.

18. Despite Plaintiff's discharge and the notice provided to Defendants, on or about January 24, 2011, Defendant Citibank, by and through its attorney, Defendant Zakheim, filed a Motion for Summary Judgment seeking judgment to enforce its alleged right to recover monetary damages from Plaintiff in the instant action, plus interest and costs.

19. On or about January 26, 2011, Freudenberg, acting *pro se*, filed a Motion to Dismiss the Manatee County action, on the basis of Plaintiff's bankruptcy discharge.

20. The motion disclosed Plaintiff's bankruptcy information, including her bankruptcy case number, and the fact that Plaintiff received a discharge.

21. Upon information and belief, a copy of this Motion to Dismiss was served on Defendant Citibank, by and through its attorney, Defendant Zakheim.

22. On or about February 2, 2011 Defendant Citibank, by and through its attorney, Defendant Zakheim, filed a Notice of Hearing on its Motion for Summary Judgment; which was scheduled to take place on April 6, 2011 at 2:30pm.

23. As a result of the scheduled hearing, Freudenberg retained legal counsel to represent her in the Manatee County action.

24. On or about March 24, 2011 Freudenberg's legal counsel filed a pleading in the Manatee County action requesting judgment in Freudenberg's favor and reasonable attorney's fees.

25. In response to Freudenberg's motion, on or about March 24, 2011 Defendants voluntarily dismissed, without prejudice, the Manatee County action.

## Common Allegations

26. Defendants' actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

27. All acts or omissions of the employees/agents of Defendants were performed within the scope of their respective employment/agency, thus subjecting Defendants to vicarious liability for these acts under the doctrine of *respondeat superior*.

28. Defendants' continued attempts to enforce this debt, post-discharge, when Defendants had actual knowledge of Plaintiff's bankruptcy filing and discharge, were violative of the FDCPA and FCCPA.

29. Defendants' continued attempts to enforce this debt, post-discharge, caused Plaintiff mental anguish in the forms of stress, worry, and fear that she may still owe the debt,

despite successfully receiving a discharge of this debt in her bankruptcy case, and caused Plaintiff to incur financial liability as a result of hiring legal counsel to defend her rights in the Manatee County action.

V. CLAIMS FOR RELIEF

First Claim for Relief
Violations of the Federal Fair Debt Collection Practices Act
Lenora Freudenberg v. Zakheim & Lavrar, P.A.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

30. The foregoing acts and omissions of Defendant and its employees/agents constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d generally, 1692e generally, 1692e(2), 1692e(5), 1692e(10), 1692f generally, and 1692f(1).

31. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

Second Claim for Relief
Violations of the Florida Consumer Collection Practices Act
Lenora Freudenberg v. Zakheim & Lavrar, P.A.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

32. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7) and 559.72(9).

33. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

Third Claim for Relief
Violations of the Florida Consumer Collection Practices Act
Lenora Freudenberg v. Citibank, N.A.

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

34. The foregoing acts and omissions of Defendant and its employees/agents constitute violations of the FCCPA, including, but not limited to, F.S.A. §§ 559.72(7) and 559.72(9).

35. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FCCPA, and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

   a. Declaratory judgment that Defendant's acts constituted violations of the FDCPA and FCCPA;

   b. Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1) and F.S.A. § 559.77(2);

   c. Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and F.S.A. § 559.77(2);

   d. Punitive damages, pursuant to F.S.A. § 559.77(2);

   e. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and F.S.A. § 559.77(2); and

   f. Such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080

>don@brandonlawyer.com
>David S. Bromley, Fla. Bar No.: 0155349
>david@brandonlawyer.com
>Joseph B. Battaglia, Fla. Bar No. 0058199
>joe@brandonlawyer.com
>THE GOLDEN LAW GROUP
>808 Oakfield Drive, Suite A
>Brandon, Florida 33511
>Telephone:  (813) 413-8700
>Facsimile:   (813) 413-8701
>Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

>/s/ Joseph B. Battaglia
>G. Donald Golden, Fla. Bar No.: 0137080
>David S. Bromley, Fla. Bar No.: 0155349
>Joseph B. Battaglia, Fla. Bar No. 0058199