**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LENORA FREUDENBERG**
                Plaintiff,                              **Case No. 8:11-cv-00801-RAL-AEP**

v.

**CITIBANK, N.A. f/k/a CITIBANK, FSB
and ZAKHEIM & LAVRAR, P.A., a
Florida Professional Association**

                Defendant.
_____/

**CITIBANK, N.A.'S MOTION TO DISMISS COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

**I. INTRODUCTION**

Lenora Freudenberg (**Freudenberg**) asserts a claim against Citibank, N.A. (**Citibank**), for alleged violations of the Florida Consumer Collection Practices Act, FLA. STAT. § 559.55, *et seq.* (**FCCPA**) with respect to her defaulted home equity line of credit. Freudenberg attempts to implicate Citibank through the actions of Zakheim and Lavrar, P.A. (**Zakheim**) contacting Freudenberg after the entry of a discharge in her bankruptcy case and by filing a motion for summary judgment in the collection lawsuit on the defaulted mortgage loan.

Freudenberg's own complaint allegations establish that these actions occurred during the course of the lawsuit and were in relation to the enforcement of the defaulted home equity line of credit. Pursuant to the litigation privilege doctrine, any act occurring during a judicial proceeding is absolutely immune from liability. As a result, this claim fails as a matter of law and should be dismissed against Citibank with prejudice.

## II. COMPLAINT ALLEGATIONS AND BACKGROUND

Freudenberg alleges generally that Citibank filed a lawsuit to enforce Freudenberg's defaulted home equity line of credit on December 14, 2009, in Manatee County Circuit Court, under case number 2009-CA-012734 (the **state action**), and that the state action "sought financial recovery *in personam*." (Compl. Sec. IV, ¶¶ 1-3.) Citibank was represented in the state action by Zakheim. On February 16, 2010, Freudenberg filed a voluntary petition under Chapter 7 of the Bankruptcy Code and included the debt owed to Citibank in the schedules attached to her bankruptcy petition. (*Id.* ¶ 8.) On September 21, 2010, Freudenberg was granted a discharge in the bankruptcy proceeding. (*Id.* ¶ 11.)

After the entry of the discharge, Freudenberg alleges she received several telephone calls per week from Zakheim concerning the discharged debt. (*Id.* ¶¶ 14-15.) Freudenberg claims she or her spouse informed Zakheim that this debt had been discharged in the bankruptcy proceeding. (*Id.* ¶ 16) On January 24, 2011, Zakheim filed a motion for summary judgment in the state action and set it for hearing. (*Id.* ¶¶ 18, 22, 24.) Prior to the hearing on the motion for summary judgment, the state action was voluntarily dismissed without prejudice. (*Id.* ¶ 25.)

Based on the telephone calls and the filing of the motion for summary judgment, Freudenberg filed a three-count complaint against both Zakheim and Citibank. Count III is the only claim directed at Citibank and alleges violations of the FCCPA §§ 559.72(7) and (9). While Freudenberg's complaint attributes none of the alleged conduct directly to Citibank, she asserts Citibank is liable for the actions of Zakheim under the doctrine of respondeat superior. (*Id.* ¶ 27.)

### III. LEGAL DISCUSSION

**A.     Freudenberg's claims against Citibank are barred by the litigation privilege.**

This claim is presumably based on actions taken by Zakheim during the course of the state action, including the telephone calls made by Zakheim and the filing of the motion for summary judgment. These allegations are plainly insufficient to state a claim against Citibank as Florida's litigation privilege doctrine provides immunity for actions taken during the course of a judicial proceeding.

Florida's litigation privilege has been held to apply to claims brought under the FCCPA. *See Pack v. Unifund CCR Partners, G.P.*, No. 8:07-cv-1562-T-27EAJ, 2008 WL 686800 (M.D. Fla. Mar. 13, 2008); *Gassier v. Portfolio Recovery Assocs.*, 571 F. Supp. 2d 1273 (S.D. Fla. 2008); *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356 (M.D. Fla. 2007). Under the litigation privilege, "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding." *Echevarria v. Cole*, 950 So. 2d 380, 383 (Fla. 2007) (citing *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606 (Fla. 1994)).

Here, Freudenberg alleges Citibank attempted to enforce an illegitimate debt through Zakheim's pursuit of the state action on the defaulted home equity line of credit post-discharge. Specifically, Freudenberg alleges Citibank violated the FCCPA by Zakheim contacting Freudenberg after the entry of the bankruptcy discharge and by filing a motion for summary judgment in the lawsuit. However, as the complaint allegations establish, the state action was filed prior to the entry of the bankruptcy discharge and was not dismissed until after the motion for summary judgment was filed. As Citibank's counsel in the state action, any conduct by

Zakheim on Citibank's behalf would have been done in furtherance of its representation of Citibank and as part of the judicial proceeding. Thus, any such conduct is protected by the litigation privilege, and dismissal with prejudice of the claim against Citibank is mandated.

## IV.  CONCLUSION

Freudenberg's FCCPA claim against Citibank fails as a matter of law because it is barred by the litigation privilege. The complaint establishes that the conduct alleged to substantiate this claim all occurred during the course of the state court action and was in relation to such. Freudenberg cannot overcome the complaint's fundamental defects, and this case should be dismissed against Citibank with prejudice.

Respectfully submitted,

**AKERMAN SENTERFITT**

*s/ Rachael L. Greenstein*
RACHAEL L. GREENSTEIN
Florida Bar No.:  0016052
rachael.greenstein@akerman.com
LESLIE A. UTIGER
Florida Bar No.: 022972
leslie.utiger@akerman.com
401 E. Jackson Street, Suite 1700
Tampa, Florida  33602
Telephone:  813-223-7333
Facsimile:  813-223-2837

-and-

        WILLIAM P. HELLER
        Florida Bar No.: 987263
        william.heller@akerman.com
        Las Olas Centre II, Suite 1600
        350 East Las Olas Boulevard
        Fort Lauderdale, Florida 33301-2229
        Telephone: 954-463-2700
        Facsimile: 954-463-2224

***Attorneys for Citibank, N.A.***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 9th day of June, 2011, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

        *s/Rachael L. Greenstein*
        Attorney